H. George Avery, Esq. – # 003241974
McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP
1300 Mount Kemble Avenue
P.O. Box 2075
Morristown, New Jersey 07962
(973) 993-8100
Hgavery@mdmc-law.com
Attorneys for Defendants, Washington University in St. Louis, Habif Health & Wellness Center,
Lisa R. Ross, M.D. and Karen Boesch, M.D. and Michele Marcus, FNP

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GEORGE WHARAM,<br><br>          Plaintiff,<br><br>vs.<br><br>WASHINGTON UNIVERSITY IN ST. LOUIS, HABIF HEALTH & WELLNESS CENTER, LISA R. ROSS, M.D., KAREN BOESCH, M.D. and MICHELE MARCUS, FNP, ABC Corps 1-25 and JOHN DOES 1-25,<br><br>          Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION - UNION COUNTY<br><br>DOCKET NO.:  UNN-L-0826-15<br><br><br>Civil Action<br><br><br>**NOTICE OF REMOVAL** |

TO:    The Honorable Judges of the United States District Court
        For the District of New Jersey

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446(a),

Defendants Washington University with its principal place of business located and doing

business at 1 Brookings Drive, St. Louis, Missouri, Habif Health & Wellness Center (the "Habif

Center") located and doing business at 1 Brookings Drive, Campus Box 1201, St. Louis,

Missouri, Lisa R. Ross, M.D., residing at 8161 Kingsbury Boulevard, St. Louis, Missouri,

63105, Karen Boesch, M.D., residing at 446 Woodlawn Avenue, St. Louis, Missouri, 63119, and

Michele Marcus, FNP, residing at 12043 Mereview Drive, St. Louis, Missouri, 63146, by and

through their undersigned attorneys, hereby remove to this Court the action captioned as *George*

2617626_1

*Wharam v. Washington University, et al.*, Docket No. UNN-L-826-15, filed in the Superior Court of New Jersey, in the Law Division for Union County (the "State Court"). In support of this Notice of Removal, Defendants state as follows:

## NATURE OF THE REMOVED ACTION

1.      On or about March 9, 2015, Plaintiff George Wharam commenced this action by filing a civil Complaint against Washington University, the Habif Center, Dr. Ross, Dr. Boesch, Marcus, ABC Corps 1-25, and John Does 1-25 in the Superior Court of New Jersey, in the Law Division for Union County, Docket No. UNN-L-826-15. (*See* Complaint attached hereto as Exhibit A). The Complaint alleges medical malpractice on the part of Dr. Ross, Dr. Boesch, Marcus, and John Does 1-25 (fictitious names) and that Washington University, the Habif Center, and ABC Corps 1-25 are liable for said malpractice under the doctrines of *respondeat superior*, vicarious liability, or otherwise.

2.      The Complaint specifically alleges that on April 13, 2012, Plaintiff, then a student at Washington University, consulted with Dr. Ross at the Habif Center, an on-campus medical clinic owned and operated by Washington University, "for the purpose of obtaining advice regarding necessary vaccinations and/or medications in advance of a planned service trip to Peru." (Ex. A, ¶¶ 5, 12-13.) The Complaint further alleges that "in the late Summer/Fall of 2012, Plaintiff began experiencing major depression and suicidal ideations" as a result of Dr. Ross prescribing him the anti-malarial prophylactic Mefloquine during the April 13, 2012 consult. *Id.* at ¶¶ 17-27.

3.      Plaintiff asserts that he consulted with Dr. Boesch on October 23, 2012 and with Marcus on December 5, 2012, and that they "negligently failed to consult [their] colleague

2617626

Ross's chart or otherwise take a thorough history to determine that Ross had prescribed, and Plaintiff had taken, Mefloquine." *Id.* at ¶¶ 28-29, 32-33.  Plaintiff similarly alleges that Dr. Boesch and Marcus both "negligently failed to consult with Ross, the last doctor to treat Plaintiff prior to his trip to Peru, to discuss Plaintiff's condition." *Id.* at ¶¶ 30, 34.

4.     Plaintiff alleges that as a result of his major depression and suicidal ideations, he was forced to take a leave of absence from Washington University, took "a myriad of anti-depressive medication" and underwent "approximately 37 Electroconvulsive therapy treatments." *Id.* at ¶¶ 35-36.

5.     Plaintiff contends that as a result of Defendants' "negligence and professional malpractice," he "sustained and continues to sustain great pain and suffering of the mind and body, has and did sustain permanent bodily injuries, has and did incur medical expenses in order to correct and/or treat the conditions caused by Defendants, has and was unable to attend to his ordinary routine, schooling, employment, and affairs, and was otherwise damaged." *Id.* at ¶ 40.

6.     Plaintiff's Complaint includes three causes of action:  a medical malpractice negligence claim against all defendants (Count I); a claim alleging that Defendants recklessly caused Plaintiff extreme emotional distress (Count II); and a claim against Washington University, the Habif Center, and ABC Corps 1-25 for negligent hiring and supervision of Dr. Ross, Dr. Boesch, Marcus, and John Does 1-25 (Count III).  Plaintiff requests a jury trial and seeks judgment against the Defendants "in the amount of his damages, together with attorney's fees, punitive damages, interest, costs of suit, and whatever else relief the court deems reasonable, just and proper." *Id.* at ¶¶ 42, 46, 48.

2617626

**PAPERS FROM REMOVED ACTION**

7.      Pursuant to the requirements of 28 U.S.C. § 1446(a) and Local Civil Rule 5.1(e), all other process, pleadings, orders and other documents on file in this matter in the State Court are attached hereto as Group Exhibit B.  No other pleadings, process or orders have been served upon the Defendants or filed in the State Court as of this date.

**REMOVAL IS TIMELY**

8.      Washington University, the Habif Center, and Dr. Ross were served with the Summons and Complaint on March 19, 2015; Dr. Boesch was served with the Summons and Complaint on March 23, 2015.  Marcus was served with the Summons and Complaint on April 14, 2015.  Thus, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

**DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES**

9.      This court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a)(1), in that there is complete diversity of citizenship between Plaintiff and the Defendants.

10.     Plaintiff, George Wharam, is a natural person residing in Town of Westfield, County of Union and State of New Jersey.  (*See* Ex. A, p. 1.)

11.     Defendant Washington University is a university organized and existing under the laws of the State of Missouri, with its principal place of business located at 1 Brookings Drive, St. Louis, Missouri.  (*See* Ex. A, ¶ 4.)

12.     Defendant Habif Health & Wellness Center is a medical clinic owned and operated by Washington University on the campus of the University.  (*See* Ex. A, ¶ 5.)  Habif

4

Health & Wellness Center is a fictitious name registered to Washington University, with a business address of 1 Brookings Drive, Campus Box 1201, St. Louis, Missouri. (*See* Registration of Fictitious Name attached as Exhibit C.)

13. Defendant Lisa R. Ross, M.D., is a natural person who resides in the State of Missouri. (*See* Ross Declaration attached as Exhibit D, ¶ 4; *see also* Ex. A, ¶¶ 6, 8.)

14. Defendant Karen Boesch, M.D., is a natural person who resides in the State of Missouri. (*See* Boesch Declaration attached as Exhibit E, ¶ 4; *see also* Ex. A, ¶¶ 6, 8.)

15. Defendant Michele Marcus, FNP, is a natural person who resides in the State of Missouri. (*See* Marcus Declaration attached as Exhibit F, ¶ 4; *see also* Ex. A, ¶¶ 6, 8.)

16. For purposes of determining if this action is removable on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a), the citizenship of defendants John Does 1-25 and ABC Corps. 1-25 should be disregarded, as these defendants have been sued under fictitious names. *See* 28 U.S.C. § 1441(b)(1).

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

17. A district court has original diversity jurisdiction where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs . . . ." 28 U.S.C. § 1332(a). While the party seeking removal "bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court," where, as here, the plaintiff does not aver a specific amount of damages, a federal court has jurisdiction unless "it appears to a legal certainty that the plaintiff cannot recover more than the jurisdictional amount of $75,000." *Frederico v. Home Depot*, 507 F.3d 188, 193-95 (3d Cir. 2007) (quoting *Valley v. State Farm Fire and Cas. Co.*,

504 F. Supp. 2d 1, 3-4 (E.D. Pa. 2006)) (emphasis in original).[1]  "'The rule does not require the removing defendant to prove to a legal certainty the plaintiff can recover $75,000—a substantially different standard.'"  *Id.* at 195 (quoting *Valley*, 504 F. Supp. 2d at 3-4); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (same).  While the Complaint does not assert a specific amount of damages, it is apparent from the allegations of the Complaint that Plaintiff is seeking damages well in excess of $75,000.

18.     Plaintiff alleges that as a result of Defendants' negligence and professional malpractice, he "sustained and continues to sustain great pain and suffering of the mind and body," and "has and did sustain permanent bodily injuries." (Ex. A, ¶ 40 (emphasis added).)  Where, as here, plaintiff seeks damages for pain and suffering, remand will rarely, if ever, be warranted on the grounds that the amount in controversy requirement is not satisfied.  *See, e.g.*, *Clark v. J.C. Penney Corp., Inc.*, 2009 WL 1564175, *4 (D.N.J. June 1, 2009) (holding that the court had jurisdiction under 28 U.S.C. § 1332 because "Plaintiff has alleged multiple serious, permanent, and disabling injuries," and "is also seeking damages for pain and suffering, which could be great should this case proceed to trial before a jury"); *Fields v. Zubkov*, 2008 WL 4447098, *4 (D.N.J. Sept. 26, 2008) (explaining that "since juries are basically unrestricted in their ability to award pain and suffering damages . . . pursuant to *Frederico* it will be hard to remand diversity personal injury cases without an express limitation of damages"); *see also Tebeau v. General Motors Corp.*, 2011 WL 4953999, *3-4 (E.D. Mo. Oct. 18, 2011) (denying motion to remand where personal injury plaintiff sought damages for knee injury and resulting

---

[1]    The Third Circuit recently suggested, without deciding, that Congress's enactment of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 may require defendants seeking removal in diversity actions to establish, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.   *See Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 504 n.7 (3d Cir. 2014).  The *Judon* Court explained that this may present a higher burden for removal than the standard that the amount in controversy is satisfied unless it appears to a legal certainty that the plaintiff *cannot* recover more than $75,000.  *Id.*  Regardless of which standard applies, the allegations of the Complaint clearly establish that Plaintiff is seeking damages in excess of $75,000.

2617626

depression, as well as lost wages); *Quinn v. Kimble,* 228 F. Supp. 2d 1038, 1040-41 (E.D. Mo. 2002) (holding plaintiff in personal injury action met jurisdictional threshold by alleging head, back and neck injuries from auto accident, medical expenses, loss of wages, and permanent disabilities).  Under Missouri law, which will govern the merits of this action, there are currently no caps on damages for emotional distress in medical malpractice actions.  *See Watts v. Lester E. Cox Medical Centers,* 376 S.W.3d 633, 639-46 (Mo. banc 2012).

19.    Plaintiff also argues that he "incur[red] medical expenses in order to correct and/or treat the conditions caused by Defendants, has and was unable to attend to his ordinary routine, schooling, employment, and affairs, and was otherwise damaged."   (Ex. A, ¶ 40.) Plaintiff alleges he had to take a leave of absence from his college studies and undergo extensive electroconvulsive therapy for his alleged injuries.  *Id.* at ¶¶ 35-36.  Plaintiff seeks these damages in addition to any damages for his pain, suffering, or bodily injuries.  Therefore, it is clear that the compensatory damages Plaintiff seeks will be significant, and in excess of $75,000.

20.    Moreover, Plaintiff is also seeking punitive damages, *id.* at ¶¶ 42, 46, 48, which must be taken into account in determining whether he is seeking damages in excess of $75,000. *Frederico*, 507 F.3d at 198-99 (considering punitive damages as part of the amount in controversy calculation); *Carevel, LLC v. Aspen Am. Ins. Co.*, 2014 WL 1922826, *4 (D.N.J. May 14, 2014) ("Punitive damages . . . are part of the amount in controversy for this calculation.").[2]  For purposes of the amount in controversy requirement, courts assume that the plaintiff can recover any maximum multiplier for punitive damages.  *Carevel*, 2014 WL1922826,

---

[2]    Under Missouri law, like New Jersey, punitive damages may be assessed in medical malpractice actions.  RSMo. § 538.210(5) (punitive damages may be awarded if healthcare provider "demonstrated willful, wanton or malicious misconduct with respect to his actions . . ."); *see also Edwards v. Our Lady of Lourdes Hosp.*, 526 A.2d 242, 248 (N.J. Super. App. Div. 1987) (punitive damages may be assessed in medical malpractice action under New Jersey law).  There are currently no caps on punitive damages under Missouri law.  *See Lewellen v. Franklin*, 441 S.W.3d 136, 150 (Mo. banc 2014) (holding punitive damages cap unconstitutional).

*4. Plaintiff's pursuit of punitive damages further demonstrates that the amount claimed in this case will exceed the jurisdictional amount in controversy requirement of $75,000.

21.     Based on the compensatory and punitive damages that Plaintiff seeks to recover in this matter, the amount in controversy clearly exceeds the sum or value of $75,000, exclusive of interests and costs, and therefore, meets this Court's jurisdictional requirement.

## PROPER FOR REMOVAL

22.     The United States District Court for the District of New Jersey encompasses the Town of Westfield and County of Union in which the New Jersey Superior Court action is now pending. Therefore, this action is properly removed to the District of New Jersey pursuant to 28 U.S.C. §§ 110 and 1441(a).

## UNANIMOUS CONSENT TO REMOVAL
## BY ALL DEFENDANTS WHO HAVE BEEN SERVED

23.     All Defendants have consented to the removal of Plaintiffs' Complaint to this Court by joining in this Notice and thus, there is unanimous consent to removal by all Defendants "who have been properly joined and served," as required by 28 U.S.C. § 1446(b)(2)(A).

## FILING OF REMOVAL PAPERS

24.     Pursuant to 28 U.S.C. § 1446(d), Defendants will file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division for Union County and serve a copy of this Notice of Removal on counsel of record for Plaintiff George Wharam.

8

2617626

WHEREFORE, Defendants Washington University, Habif Health & Wellness Center, Lisa R. Ross, M.D., Karen Boesch, M.D., and Michele Marcus, FNP, hereby remove this action from the Superior Court of New Jersey, Law Division for Union County, to the United States District Court for the District of New Jersey.

McELROY, DEUTSCH, MULVANEY
& CARPENTER, LLP
Attorneys for Defendants

By: _____
   H. George Avery

Dated:  April 17, 2015

HAAR & WOODS, LLP
Lisa A. Pake
Jozef J. Kopchick
1010 Market Street, Suite 1620
St. Louis, Missouri 63101
(314) 241-2224
(314) 241-2227 (facsimile)
lpake@haar-woods.com
jkopchick@haar-woods.com

as Of Counsel
Attorneys for Defendants

2617626

# EXHIBIT A

LAW OFFICE OF DANIEL J. McCAREY, LLC
165 Mountainview Rd.
Warren, New Jersey 07059
(908) 939-8055
Attorneys for Plaintiff

RECEIVED / FILED
Superior Court of New Jersey

MAR 0 9 2015

CIVIL CASE MANAGEMENT
UNION COUNTY

---

GEORGE WHARAM,

                     Plaintiff,

      vs.

WASHINGTON UNIVERSITY IN ST. LOUIS,
HABIF HEALTH & WELLNESS CENTER,
LISA R. ROSS, M.D., KAREN BOESCH, M.D.,
and MICHELE MARCUS, FNP,  ABC CORPS 1-25
and JOHN DOES 1-25,

                     Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION UNION COUNTY

UNNL  0826  15

Docket No. _____

CIVIL ACTION

COMPLAINT

---

Plaintiff, GEORGE WHARAM, residing at 400 Salter Place, Town of Westfield, County of

Union, State of New Jersey, complaining of the Defendants, deposes and says:

## FIRST COUNT

1.  At all times material to the within cause of action, Defendant LISA R. ROSS, M.D.

("ROSS") was a medical doctor specializing and board certified in the field of internal medicine and was

duly licensed to practice medicine under the laws of the State of Missouri, having offices located at 1

Brookings Drive, Campus Box 1201, St. Louis, Missouri and, as such, said Defendant professed and

held herself out to the public, and in particular to the Plaintiff, GEORGE WHARAM, as being skilled,

careful, and diligent in the practice of her profession as an internist.

2.  At all times material to the within cause of action, Defendant KAREN BOESCH, M.D.

("BOESCH") was a medical doctor specializing and board certified in the field of psychiatry and was

duly licensed to practice medicine under the laws of the State of Missouri, having offices at the time of

the malpractice alleged herein  at 1 Brookings Drive, St. Louis, Missouri and now at 915 N. Grand,

St. Louis, Missouri and, as such, said Defendant professed and held herself out to the public, and in

particular to the Plaintiff, GEORGE WHARAM, as being skilled, careful, and diligent in the practice of

her profession as a psychiatrist.

3.   At all times material to the within cause of action, Defendant MICHELE MARCUS, FNP, ("MARCUS") was a family nurse practitioner duly licensed to act as a family nurse practitioner under the laws of the State of Missouri, having offices at the time of the malpractice alleged herein at 1 Brookings Drive, St. Louis, Missouri, and now at 670 Mason Ridge Center Dr., Suite 300, St. Louis, Missouri and, as such, said Defendant professed and held herself out to the public, and in particular to the Plaintiff, GEORGE WHARAM, as being skilled, careful, and diligent in the practice of her profession as a family nurse practitioner.

4.   At all times material to the within cause of action, Defendant WASHINGTON UNIVERSITY IN ST. LOUIS ("WASH U"), was a university organized and existing under the laws of the State of Missouri, with its principle place of business located at 1 Brookings Drive, St. Louis, Missouri.

5.   WASH U owned and operated Defendant HABIF HEALTH & WELLNESS CENTER ("CENTER") on the campus of the university, which included a travel clinic and psychiatric services. WASH U's CENTER held itself out to the public, and to the Plaintiff, GEORGE WHARAM, as being fully and adequately equipped and staffed with trained expert physicians, nurses, and other healthcare providers capable of providing healthcare in connection with Plaintiff's medical needs, specifically for advice regarding vaccinations and/or medications needed for a service trip he intended to take to Peru and his treatment thereafter.

6.   At all times material to the within cause of action, Defendants ROSS, BOESCH, and MARCUS were employees and/or agents of Defendant WASH U and, in doing the acts hereinafter described, were acting in the course and within the scope of their authority as employees and/or agents of WASH U.

7.   At all times material to the within cause of action, WASH U had a duty to its students, including Plaintiff, to hire and retain competent, experienced, and qualified medical staff.

8.   At all times material to the within cause of action, Defendants ROSS, BOESCH, and MARCUS were employees and/or agents of Defendant CENTER and, in doing the acts hereinafter described, were acting in the course and within the scope of their authority as employees and/or agents of

CENTER.

9.   At all times material to the within cause of action, Defendant CENTER had a duty to its patients, including Plaintiff, to hire and retain competent, experienced, and qualified medical staff.

10.   At all times material to the within cause of action, JOHN DOES 1-25 (fictitious names), were medical doctors, psychologists, physician assistants, nurses, and other healthcare providers duly licensed to practice medicine or otherwise medically treat patients, under the laws of the State of Missouri, and as such, said Defendants professed and held themselves out to the public, and in particular to the Plaintiff, GEORGE WHARAM, as being skilled, careful, and diligent in the practice of their professions.

11.   At all times material to the within cause of action, ABC CORPS 1-25 (fictitious names), were business organizations organized and existing under the laws of the State of Missouri, and as such, said Defendants held themselves out to the public, and to the Plaintiff, GEORGE WHARAM, as being fully and adequately equipped and staffed with trained expert physicians, physician assistants, nurses, and other healthcare providers capable of providing healthcare in connection with the conditions from which the Plaintiff, GEORGE WHARAM, suffered during his treatment with the Defendants.

12.   Plaintiff was a student at WASH U when, on April 13, 2012, he went to WASH U's CENTER for the purpose of obtaining advice regarding necessary vaccinations and/or medications in advance of a planned service trip to Peru.

13.   At his April 13, 2012 appointment, Plaintiff consulted with ROSS.

14.   Despite being advised that Plaintiff did not intend to travel to locations with a high risk of malaria infection, ROSS prescribed an anti-malarial medication to Plaintiff.

15.   ROSS failed to advise Plaintiff that anti-malarial medication was not required for the area in which Plaintiff intended to travel.

16.   ROSS failed to contact the organization with which Plaintiff intended to travel to determine whether, and if so, why, they recommended anti-malarial prophylaxis for Plaintiff.

17.   ROSS, without taking a full medical history, and without explaining the serious, well-known, potential side-effects and FDA warnings, prescribed Mefloquine to Plaintiff.

18. ROSS negligently failed to advise Plaintiff that other equally effective anti-malarial drugs that do not carry the same serious side effects as Mefloquine were available.

19. At the time ROSS prescribed Mefloquine to Plaintiff, the serious, life-threatening psychological side effects including, but not limited to, suicidal ideations, crippling depression, and psychosis were well-known within the medical community.

20. Despite the availability of other, equally as potent and viable anti-malarial medications that do not have the same well-known, serious side effects, ROSS prescribed Mefloquine to Plaintiff.

21. ROSS negligently failed to disclose the known, serious side-effects of Mefloquine to Plaintiff and, therefore, did not obtain Plaintiff's informed consent as to the prescription and usage of same.

22. Plaintiff was unaware of the aforementioned side effects of Mefloquine and would never have consented to the prescription or ingested same had he been informed of the inherent and substantial risks associated with Mefloquine.

23. Had ROSS informed Plaintiff that there were equally as effective anti-malarial medications available that did not cause these life-threatening side-effects of Mefloquine, Plaintiff would not have consented to the prescription or ingested same.

24. Relying solely on ROSS's prescription and instructions, Plaintiff ingested Mefloquine as instructed by ROSS.

25. ROSS, at no time following her prescription of this dangerous medication, ever followed up with Plaintiff to ascertain how he was tolerating the drug or how it was otherwise affecting him.

26. ROSS failed to advise Plaintiff to discontinue the medication if he presented with the well-known, serious side-effects.

27. As a result of ROSS's negligence, in the late Summer/Fall of 2012, Plaintiff began experiencing major depression and suicidal ideations.

28. Plaintiff returned to WASH U's CENTER in October 2012 and, on October 23, 2012, had an initial consultation with BOESCH due to his depression and suicidal ideations.

29. Despite being advised that Plaintiff had recently traveled to Peru, BOESCH negligently failed to review her colleague ROSS's chart or otherwise take a thorough history to determine that ROSS had prescribed, and Plaintiff had taken, Mefloquine, a drug that causes the exact symptoms and side effects which Plaintiff was then exhibiting and experiencing.

30. BOESCH negligently failed to consult with ROSS, the last doctor to treat Plaintiff prior to his trip to Peru, to discuss Plaintiff's condition.

31. BOESCH advised Plaintiff to return to the CENTER for a physical examination.

32. On December 5, 2012, MARCUS examined Plaintiff.

33. MARCUS negligently failed to review her colleague ROSS's chart or otherwise take a thorough history to determine that ROSS had prescribed, and Plaintiff had taken, Mefloquine, a drug that causes the exact symptoms and side effects which Plaintiff was then exhibiting and experiencing.

34. MARCUS negligently failed to consult with ROSS, the last doctor to treat Plaintiff prior to his trip to Peru, to discuss Plaintiff's condition.

35. Not knowing the genesis of the suicidal ideations and depression, Plaintiff was forced to take a leave of absence from WASH U to return to his family's round-the-clock care in New Jersey so as to try to prevent him from taking his life.

36. During that period, and due to the negligence of the Defendants, Plaintiff was forced to take a myriad of anti-depressive medication and undergo approximately 37 Electroconvulsive therapy treatments ("ECT") in an attempt to help him.

37. In late 2013, Plaintiff began treating with a psychiatrist in Princeton, New Jersey who was able to link Plaintiff's depression and suicidal ideations with his ingesting Mefloquine.

38. At no time in the period from when ROSS prescribed the Mefloquine to the discovery that Plaintiff's depression and suicidal ideations were linked to the Mefloquine did anyone from the CENTER ever perform the simple due diligence of reviewing Plaintiff's chart to determine that he had been prescribed Mefloquine by ROSS and, inexplicably, ROSS was never consulted regarding Plaintiff's condition.

39. Defendants failed to exercise that degree of skill, diligence, and care commonly exercised by other medical facilities, doctors, nurses, and health care providers in like circumstances giving due regard to the existing state of knowledge in medicine, negligently prescribed an anti-malarial drug when such drug was not necessary, failed to obtain informed consent for the prescription of Mefloquine, failed to advise and warn Plaintiff of the side effects of Mefloquine, failed to advise Plaintiff as to the equally available alternatives to Mefloquine that did not have the life-threatening side effects of Mefloquine, failed to prescribe a drug that was just as effective without the side effects, failed to conduct a full history before prescribing the medication, failed to properly treat the Plaintiff, failed to follow-up with the patient, failed to review colleagues' charts or otherwise consult with one another, failed to properly diagnose Plaintiff's condition and causation of his symptoms, failed to apprise Plaintiff of the risks and options available to him in connection with the services rendered, failed to properly treat him after his return from Peru, and otherwise failed to act as prudent, skillful, and careful medical professionals in connection with the services rendered to the Plaintiff.

40. As a direct and proximate result of the negligence and professional malpractice of the Defendants, as aforesaid, the Plaintiff sustained and continues to sustain great pain and suffering of the mind and body, has and did sustain permanent bodily injuries, has and did incur medical expenses in order to correct and/or treat the conditions caused by Defendants, has and was unable to attend to his ordinary routine, schooling, employment, and affairs, and was otherwise damaged.

41. The negligence of the Defendants as aforesaid was gross, willful, reckless, and/or in wanton disregard for the well-being and safety of Plaintiff.

42. Defendants WASH U, CENTER, and ABC CORPS 1-25 (fictitious names) are liable for the negligence of Defendants ROSS, BOESCH, and MARCUS and DOES 1-25 (fictitious names) under the doctrines of respondeat superior, vicarious liability, or otherwise.

WHEREFORE, Plaintiff, GEORGE WHARAM, demands judgment against the Defendants in the amount of his damages, together with attorney's fees, punitive damages, interest, costs of suit, and whatever else relief the court deems reasonable, just and proper.

## SECOND COUNT

43. Plaintiff repeats and realleges each and every allegation set forth in the First Count as if the same were more fully set forth herein and with the same force and effect.

44. Defendants acted recklessly as aforesaid.

45. Such recklessness was outrageous and extreme under the circumstances described above.

46. Defendants' acts and omissions as aforesaid proximately caused Plaintiff extreme emotional distress that was so severe that no reasonable person could be expected to endure such.

WHEREFORE, Plaintiff, GEORGE WHARAM, demands judgment against the Defendants in the amount of his damages, together with attorney's fees, punitive damages, interest, costs of suit, and whatever else relief the court deems reasonable, just and proper.

## THIRD COUNT

47. Plaintiff repeats and realleges each and every allegation set forth in the First and Second Counts as if the same were more fully set forth herein and with the same force and effect.

48. WASH U, CENTER, and ABC CORPS 1-25 (fictitious names) did so negligently and carelessly hire and supervise ROSS, BOESCH, MARCUS, and DOES 1-25 (fictitious names), so as to allow ROSS, BOESCH, MARCUS, and DOES 1-25 to commit the negligent acts and omissions as previously afore-pled.

48. As a direct and proximate result of the negligence of Defendants, as aforesaid, Plaintiff was caused to be injured due to the aforesaid negligence of ROSS, BOESCH, MARCUS, and DOES 1-25 (fictitious names) and was thus caused to sustain and did sustain serious and permanent personal injuries requiring care and treatment of physicians, hospitalization, likely future surgery, rehabilitation, and medication and will in the future continue to be hampered in his daily routine.

WHEREFORE, Plaintiff, GEORGE WHARAM, demands judgment against the Defendants in the amount of his damages, together with attorney's fees, punitive damages, interest, costs of suit, and whatever else relief the court deems reasonable, just and proper.

LAW OFFICE OF DANIEL J. McCAREY, LLC
Attorneys for Plaintiff

DANIEL J. McCAREY

Dated: March 3, 2015

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all issues.

## NOTICE OF TRIAL COUNSEL

Please take notice that Daniel J. McCarey, Esq. is hereby designated as Trial Counsel in the above-captioned matter for the firm of the Law Office of Daniel J. McCarey, LLC, pursuant to Rule 4:25 et. seq.

## DEMAND FOR ANSWERS TO UNIFORM AND SUPPLEMENTAL INTERROGATORIES

PLEASE TAKE NOTICE that pursuant to Rule 4:17-1(b)(ii)(2), Plaintiff hereby demands answers to Uniform Interrogatories Form C and Form C(3) within sixty (60) days of the filing of Defendants' Answers to this Complaint.

## DEMAND FOR TRANSCRIPTION AND OFFICE RECORDS

Plaintiff hereby demands that the Defendants produce a certified copy of all office records, telephone calls, billing and payments as well as a typed transcription of any and all of his/her handwritten office records and/or hospital records, relating to Plaintiff, within thirty (30) days of service of the Complaint.

## RULE 4: 5-1 CERTIFICATION

Plaintiff, by his attorneys, hereby certify that the matter in controversy is not the subject of any other pending or contemplated judicial or arbitration proceeding. Plaintiff is not currently aware of any other party who should be joined in this action.

LAW OFFICE OF DANIEL J. McCAREY, LLC
Attorneys for Plaintiff


DANIEL J. McCAREY

Dated: March 3, 2015

Appendix XII-B1

## CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed

| FOR USE BY CLERK'S OFFICE ONLY | |
|---|---|
| PAYMENT TYPE: ☐ CK ☐ CG ☐ CA | CHG/CK NO. |
| AMOUNT: | |
| OVERPAYMENT: | |
| BATCH NUMBER: | |

**ATTORNEY / PRO SE NAME**
Daniel J. MCcarey

**TELEPHONE NUMBER**
(908) 939-8055

**COUNTY OF VENUE**
Union

**FIRM NAME (if applicable)**
Law Office of Daniel J. McCarey, LLC

**DOCKET NUMBER (when available)**

**OFFICE ADDRESS**
165 Mountainview Rd. Warren, NJ 07059

**DOCUMENT TYPE**
Complaint

**JURY DEMAND**   ☒ Yes   ☐ No

**NAME OF PARTY (e.g., John Doe, Plaintiff)**
George Wharam, Plaintiff

**CAPTION**
George Wharam v. Washington University in St. Louis, et al

**CASE TYPE NUMBER**
(See reverse side for listing)
604

**HURRICANE SANDY RELATED?**
☐ YES   ☒ NO

**IS THIS A PROFESSIONAL MALPRACTICE CASE?**   ☒ YES   ☐ NO

IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

**RELATED CASES PENDING?**
☐ YES   ☒ No

IF YES, LIST DOCKET NUMBERS

**DO YOU ANTICIPATE ADDING ANY PARTIES**
(arising out of same transaction or occurrence)?
☐ Yes   ☒ No

**NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known)**
☐ NONE
☒ UNKNOWN

---

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

---

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP?**
☐ Yes   ☒ No

**IF YES, IS THAT RELATIONSHIP:**
☐ EMPLOYER/EMPLOYEE
☐ FAMILIAL
☐ FRIEND/NEIGHBOR
☐ BUSINESS
☐ OTHER (explain)

**DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?**   ☐ Yes   ☒ No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

**DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS?**
☐ YES   ☒ No

IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION

**WILL AN INTERPRETER BE NEEDED?**
☐ YES   ☒ No

IF YES, FOR WHAT LANGUAGE?

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

**ATTORNEY SIGNATURE:** *[signature]*

Effective 08-19-2013, CN 10517-English

page 1 of 2

**Side 2**



# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under Rule 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151 NAME CHANGE
175 FORFEITURE
302 TENANCY
399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502 BOOK ACCOUNT (debt collection matters only)
505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
506 PIP COVERAGE
510 UM or UIM CLAIM (coverage issues only)
511 ACTION ON NEGOTIABLE INSTRUMENT
512 LEMON LAW
801 SUMMARY ACTION
802 OPEN PUBLIC RECORDS ACT (summary action)
999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305 CONSTRUCTION
509 EMPLOYMENT (other than CEPA or LAD)
599 CONTRACT/COMMERCIAL TRANSACTION
603N AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605 PERSONAL INJURY
610 AUTO NEGLIGENCE – PROPERTY DAMAGE
621 UM or UIM CLAIM (includes bodily injury)
699 TORT – OTHER

**Track III - 450 days' discovery**
005 CIVIL RIGHTS
301 CONDEMNATION
602 ASSAULT AND BATTERY
604 MEDICAL MALPRACTICE
606 PRODUCT LIABILITY
607 PROFESSIONAL MALPRACTICE
608 TOXIC TORT
609 DEFAMATION
616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617 INVERSE CONDEMNATION
618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303 MT. LAUREL
508 COMPLEX COMMERCIAL
513 COMPLEX CONSTRUCTION
514 INSURANCE FRAUD
620 FALSE CLAIMS ACT
701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**
266 HORMONE REPLACEMENT THERAPY (HRT)
271 ACCUTANE/ISOTRETINOIN
274 RISPERDAL/SEROQUEL/ZYPREXA
278 ZOMETA/AREDIA
279 GADOLINIUM
281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
282 FOSAMAX
284 NUVARING
285 STRYKER TRIDENT HIP IMPLANTS
286 LEVAQUIN
287 YAZ/YASMIN/OCELLA
288 PRUDENTIAL TORT LITIGATION
289 REGLAN
290 POMPTON LAKES ENVIRONMENTAL LITIGATION
291 PELVIC MESH/GYNECARE
292 PELVIC MESH/BARD
293 DEPUY ASR HIP IMPLANT LITIGATION
295 ALLODERM REGENERATIVE TISSUE MATRIX
296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
297 MIRENA CONTRACEPTIVE DEVICE
601 ASBESTOS
623 PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics.

Please check off each applicable category ☐ Putative Class Action ☐ Title 59

UNION COUNTY SUPERIOR COURT
2 BROAD STREET
ELIZABETH          NJ 07207

                              TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (908) 659-4010
COURT HOURS  8:30 AM   4:30 PM

                    DATE:    MARCH 10, 2015
                    RE:      WHARAM VS WASHINGTON UNIVERSITY ET AL
                    DOCKET: UNN L  000826 15

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

    DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON MARK P. CIARROCCA

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:  (908) 659-4820.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANC
WITH  R.4:5A 2.
                    ATTENTION:

                              ATT: DANIEL J. MCCARRY
                              MCCARRY               DANIEL   J
                              165 MOUNTAINVIEW RD
                              WARREN               NJ 07059

JPOVERLY

# EXHIBIT B

LAW OFFICE OF DANIEL J. McCAREY, LLC
165 Mountainview Rd.
Warren, New Jersey 07059
(908) 939-8055
Attorneys for Plaintiff

-----------------------------------------------

GEORGE WHARAM,                                    :        SUPERIOR COURT OF NEW JERSEY
                                                  :        LAW DIVISION: UNION COUNTY
                              Plaintiff,          :
                                                  :        Docket No. UNN-L-826-15
                     vs.                          :
                                                  :        CIVIL ACTION
WASHINGTON UNIVERSITY IN ST. LOUIS,               :
HABIF HEALTH & WELLNESS CENTER,                   :        AFFIDAVIT OF MERIT
LISA R. ROSS, M.D., KAREN BOESCH, M.D.,           :        Pursuant to N.J.S.A. 2A:53A-27
and MICHELE MARCUS, FNP,  ABC CORPS 1-25          :
and JOHN DOES 1-25,                               :
                                                  :
                              Defendants.         :

-----------------------------------------------

                 STATE OF NEW JERSEY          )
                                              )ss.:
                 COUNTY OF MERCER             )

           STEVEN P. LEVINE, M.D., being of full age, duly sworn according to law, hereby states under

oath:

           (a) I am a licensed psychiatrist and I am duly admitted to practice medicine in the State of New

Jersey. I am Board Certified and/or have devoted a significant portion of my professional practice to

the substantive areas of psychiatry involved in this matter and have been so engaged for at least the past

five years since the date of this Affidavit.  A copy of my current Curriculum Vitae is attached hereto.

           (b) Pursuant to the request of DANIEL J. McCAREY, Esq., attorney for Plaintiff, GEORGE

WHARAM, I have reviewed his entire file as disclosed to him per his prior request from WASHINGTON

UNIVERSITY IN ST. LOUIS' HABIF HEALTH AND WELLNESS CENTER.

           (c) Based on my understanding of the facts involved in this medical malpractice claim, it appears

to me that there exists a reasonable probability that the care, skill, or knowledge exercised or exhibited in

the treatment of GEORGE WHARAM, that is the subject of the within action, fell outside acceptable

professional standards as they apply to the Defendant KAREN BOESCH, M.D. and her colleagues at

WASHINGTON UNIVERSITY IN ST. LOUIS' HABIF HEALTH AND WELLNESS CENTER.

(d) I have no financial interest in the outcome of this case.

Steven P. Levine, M.D.

Dated: 3/3/15

Sworn to and subscribed to
before me on this 3rd
day of March , 2015

FIAH M GUSSIN
Notary Public
State of New Jersey
My Commission Expires Dec. 13, 2015
I.D.# 2337110   NOTICE

If any Defendant has any objection to the sufficiency of this Affidavit of Merit, demand is hereby made that the Defendant immediately notify the Plaintiff of any such alleged deficiencies so that same may be corrected if necessary and within the time constraints of N.J.S.A. 2A:53A-26 *et seq*.

LAW OFFICE OF DANIEL J. McCAREY, LLC
165 Mountainview Rd.
Warren, New Jersey 07059
(908) 939-8055
Attorneys for Plaintiff

| | |
|---|---|
| GEORGE WHARAM,<br><br>                          Plaintiff,<br><br>vs.<br><br>WASHINGTON UNIVERSITY IN ST. LOUIS,<br>HABIF HEALTH & WELLNESS CENTER,<br>LISA R. ROSS, M.D., KAREN BOESCH, M.D.,<br>and MICHELE MARCUS, FNP,  ABC CORPS 1-25<br>and JOHN DOES 1-25,<br><br>                          Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION; UNION COUNTY<br><br>Docket No. UNN-L-826-15<br><br>CIVIL ACTION<br><br>AFFIDAVIT OF MERIT<br>Pursuant to N.J.S.A. 2A:53A-27 |

STATE OF NEW HAMPSHIRE          )
                                )ss.:
COUNTY OF BELKNAP               )

NANCY ELIZABETH DIRUBBO, FNP, being of full age, duly sworn according to law, hereby states under oath:

(a)  I am a licensed family nurse practitioner and I am duly admitted to practice nursing in the State of New Hampshire. I am Board Certified and/or have devoted a significant portion of my professional practice to the substantive areas of nursing involved in this matter and have been so engaged for at least the past five years since the date of this Affidavit.  A copy of my current Curriculum Vitae is attached hereto.

(b)  Pursuant to the request of DANIEL J. McCAREY, Esq., attorney for Plaintiff, GEORGE WHARAM, I have reviewed his entire file as disclosed to him per his prior request from WASHINGTON UNIVERSITY IN ST. LOUIS' HABIF HEALTH AND WELLNESS CENTER.

(c)  Based on my understanding of the facts involved in this medical malpractice claim, it appears to me that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment of GEORGE WHARAM, that is the subject of the within action, fell outside acceptable professional standards as they apply to the Defendant MICHELE MARCUS, FNP and her colleagues at

WASHINGTON UNIVERSITY IN ST. LOUIS' HABIF HEALTH AND WELLNESS CENTER.

(d)  I have no financial interest in the outcome of this case.

Nancy Elizabeth Dirubbo, FNP

Dated:

Sworn to and subscribed to
before me on this _26_
day of _____, 2015

SUSAN J. BATSTONE, Notary Public
My Commission Expires July 26, 2015
NOTICE

If any Defendant has any objection to the sufficiency of this Affidavit of Merit, demand is hereby made that the Defendant immediately notify the Plaintiff of any such alleged deficiencies so that same may be corrected if necessary and within the time constraints of N.J.S.A. 2A:53A-26 *et seq.*

LAW OFFICE OF DANIEL J. McCAREY, LLC
165 Mountainview Rd.
Warren, New Jersey 07059
(908) 939-8055
Attorneys for Plaintiff

| | |
|---|---|
| GEORGE WHARAM, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: UNION COUNTY |
| Plaintiff, | Docket No. UWN-L-826-15 |
| vs. | CIVIL ACTION |
| WASHINGTON UNIVERSITY IN ST. LOUIS, HABIF HEALTH & WELLNESS CENTER, LISA R. ROSS, M.D., KAREN BOESCH, M.D., and MICHELE MARCUS, FNP,  ABC CORPS 1-25 and JOHN DOES 1-25, | AFFIDAVIT OF MERIT Pursuant to N.J.S.A. 2A:53A-27 |
| Defendants. | |

STATE OF NEW YORK            )
                             )ss.:
COUNTY OF NEW YORK           )

HERBERT B. TANOWITZ, M.D., being of full age, duly sworn according to law, hereby states under oath:

(a) I am a licensed internal medicine physician and I am duly admitted to practice medicine in the State of New York. I am Board Certified and/or have devoted a significant portion of my professional practice to the substantive areas of internal medicine involved in this matter and have been so engaged for at least the past five years since the date of this Affidavit. A copy of my current Curriculum Vitae is attached hereto.

(b) Pursuant to the request of DANIEL J. McCAREY, Esq., attorney for Plaintiff, GEORGE WHARAM, I have reviewed his entire file as disclosed to him per his prior request from WASHINGTON UNIVERSITY IN ST. LOUIS' HABIF HEALTH AND WELLNESS CENTER.

(c) Based on my understanding of the facts involved in this medical malpractice claim, it appears to me that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment of GEORGE WHARAM, that is the subject of the within action, fell outside acceptable

professional standards as they apply to the Defendant LISA R. ROSS, M.D. and her colleagues at

WASHINGTON UNIVERSITY IN ST. LOUIS' HABIF HEALTH AND WELLNESS CENTER.

(d) I have no financial interest in the outcome of this case.

Herbert B. Tanowitz, M.D.

Dated:

Sworn to and subscribed to
before me on this 23
day of February, 2015

KAREN L. GOLDMAN
Notary Public, State of New York
No. 01GO4772294
Qualified in Queens County
Commission Expires Aug. 31, 20 18

## NOTICE

If any Defendant has any objection to the sufficiency of this Affidavit of Merit, demand is hereby made that the Defendant immediately notify the Plaintiff of any such alleged deficiencies so that same may be corrected if necessary and within the time constraints of N.J.S.A. 2A:53A-26 et seq.

RECEIVED

MAR 1 9 2015

OFFICE OF EXECUTIVE VICE CHANCELLOR
AND GENERAL COUNSEL

LAW OFFICE OF DANIEL J. McCAREY, LLC
165 Mountainview Rd.
Warren, New Jersey 07059
(908) 939-8055
Attorneys for Plaintiff

---

| | |
|---|---|
| GEORGE WHARAM, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: UNION COUNTY |
| Plaintiff, | |
| | Docket No. UNN-L-826-15 |
| vs. | |
| | CIVIL ACTION |
| WASHINGTON UNIVERSITY IN ST. LOUIS, | |
| HABIF HEALTH & WELLNESS CENTER, | SUMMONS |
| LISA R. ROSS, M.D., KAREN BOESCH, M.D., | |
| and MICHELE MARCUS, FNP,  ABC CORPS 1-25 | |
| and JOHN DOES 1-25, | |
| | |
| Defendants. | |

---

THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT:

HABIF HEALTH & WELLNESS CENTER

Plaintiff, GEROGE WHARAM, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The Complaint attached to this Summons states the basis for this lawsuit. If you dispute this Complaint, you or your attorney must file a written Answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the Complaint is one in foreclosure, then you must file your written Answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, New Jersey 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your Answer or motion when it is filed. You must also send a copy of your Answer or motion to Plaintiff's attorney whose name and address appear above, or to Plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written Answer or motion (with a fee of $135 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live.  A list of these offices is provided.  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A list of these numbers is also provided.

Dated:  March 14, 2015

MICHELLE M. SMITH
Clerk of the Superior Court

Name of defendant to be served:          **HABIF HEALTH & WELLNESS CENTER**

Address for service:                     **Washington University in St. Louis**
                                         **1 Brookings Drive.**
                                         **St. Louis, MO 63130**

## Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House—1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn:  Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

LAW OFFICE OF DANIEL J. McCAREY, LLC
165 Mountainview Rd.
Warren, New Jersey 07059
(908) 939-8055
Attorneys for Plaintiff

| | | |
|---|---|---|
| GEORGE WHARAM, | : | SUPERIOR COURT OF NEW JERSEY |
| | : | LAW DIVISION: UNION COUNTY |
| | : | |
| Plaintiff, | : | |
| | : | Docket No. UNN-L-826-15 |
| vs. | : | |
| | : | CIVIL ACTION |
| WASHINGTON UNIVERSITY IN ST. LOUIS, | : | |
| HABIF HEALTH & WELLNESS CENTER, | : | **SUMMONS** |
| LISA R. ROSS, M.D., KAREN BOESCH, M.D., | : | |
| and MICHELE MARCUS, FNP,  ABC CORPS 1-25 | : | |
| and JOHN DOES 1-25, | : | |
| | : | |
| Defendants. | : | |

THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT:

LISA R. ROSS, M.D.

Plaintiff, GEROGE WHARAM, named above, has filed a lawsuit against you in the Superior Court of New Jersey.  The Complaint attached to this Summons states the basis for this lawsuit.  If you dispute this Complaint, you or your attorney must file a written Answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.)  If the Complaint is one in foreclosure, then you must file your written Answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, New Jersey 08625-0971.  A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your Answer or motion when it is filed.  You must also send a copy of your Answer or motion to Plaintiff's attorney whose name and address appear above, or to Plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written Answer or motion (with a fee of $135 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

Dated: March 14, 2015

MICHELLE M. SMITH
Clerk of the Superior Court

Name of defendant to be served:          LISA R. ROSS, M.D.

Address for service:               Washington University in St. Louis
1 Brookings Drive.
St. Louis, MO 63130

## Directory of Superior Court Deputy Clerk's Offices
## County Lawyer Referral and Legal Services Offices

**ATLANTIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., First Fl.
Atlantic City, NJ 08401

LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601

LAWYER REFERRAL
(201) 488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk of the Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Rd.
Mt. Holly, NJ 08060

LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk of the Superior Court
Civil Processing Office
Hall of Justice
1st Fl., Suite 150
101 South 5th Street
Camden, NJ 08103

LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk of the Superior Court
9 N. Main Street
Cape May Court House, NJ 08210

LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk of the Superior Court
Civil Case Management Office
60 West Broad Street
P.O. Box 10
Bridgeton, NJ 08302

LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk of the Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

GLOUCESTER COUNTY:
Deputy Clerk of the Superior Court
Civil Case Management Office
Attn: Intake
First Fl., Court House
1 North Broad Street
Woodbury, NJ 08096

LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

HUDSON COUNTY:
Deputy Clerk of the Superior Court
Superior Court, Civil Records Dept.
Brennan Court House--1st Floor
583 Newark Ave.
Jersey City, NJ 07306

LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

HUNTERDON COUNTY:
Deputy Clerk of the Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822

LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

MERCER COUNTY:
Deputy Clerk of the Superior Court
Local Filing Office, Courthouse
175 S. Broad Street, P.O. Box 8068
Trenton, NJ 08650

LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

MIDDLESEX COUNTY:
Deputy Clerk of the Superior Court,
Middlesex Vicinage
2nd Floor - Tower
56 Paterson Street, P.O. Box 2633
New Brunswick, NJ 08903-2633

LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

MONMOUTH COUNTY:
Deputy Clerk of the Superior Court
Court House
P.O. Box 1269
Freehold, NJ 07728-1269

LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

MORRIS COUNTY:
Morris County Courthouse
Civil Division
Washington and Court Streets
P. O. Box 910
Morristown, NJ 07963-0910

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

OCEAN COUNTY:
Deputy Clerk of the Superior Court
118 Washington Street, Room 121
P.O. Box 2191
Toms River, NJ 08754-2191

LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
Court House
77 Hamilton Street
Paterson, NJ 07505

LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk of the Superior Court
Attn:  Civil Case Management Office
92 Market Street
Salem, NJ 08079

LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk of the Superior Court
Civil Division
P.O. Box 3000
40 North Bridge Street
Somerville, N.J. 08876

LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk of the Superior Court
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk of the Superior Court
1st Fl., Court House
2 Broad Street
Elizabeth, NJ 07207-6073

LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk of the Superior Court
Civil Division Office
Court House
413 Second Street
Belvidere, NJ 07823-1500

LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010

UNION COUNTY SUPERIOR COURT
2 BROAD STREET
ELIZABETH                    NJ 07207

                                        TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (908) 659-4010
COURT HOURS  8:30 AM   4:30 PM

                      DATE:    MARCH 10, 2015
                      RE:      WHARAM VS WASHINGTON UNIVERSITY ET AL
                      DOCKET:  UNN L  000826 15

      THE ABOVE CASE HAS BEEN ASSIGNED TO:   TRACK 3.

      DISCOVERY IS    450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

      THE PRETRIAL JUDGE ASSIGNED IS:   HON MARK P. CIARROCCA

      IF YOU HAVE ANY QUESTIONS, CONTACT TEAM     002
AT:  (908) 659-4820.

      IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
      PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANC
WITH  R.4:5A 2.
                      ATTENTION:

                                   ATT: DANIEL J. MCCARKY
                                   MCCARKY                 DANIEL    J
                                   165 MOUNTAINVIEW RD
                                   WARREN            NJ 07059

JOVERELI

# EXHIBIT C



# State of Missouri

**Jason Kander, Secretary of State**

Corporations Division
P.O. Box 1366
Jefferson City, Missouri 65102

| File Number: 201415680730 |
| --- |
| X01007706 |
| Date Filed: 06/05/2014 |
| Expiration Date: 10/30/2019 |
| Jason Kander |
| Secretary of State |

## Registration of Fictitious Name

*(Submit with filing fee of $7.00)*

*(Must be typed or printed)*

This information is for the use of the public and gives no protection to the name being registered. There is no provision in this Chapter to keep another person or business entity from adopting and using the same name. The fictitious name registration expires 5 years from the filing date. (Chapter 417, RSMo)

**Please check one box:**

☐ New Registration   ☑ Renewal   X01007706 _____   ☐ Amendment _____   ☐ Correction _____
                                    Charter Number            Charter Number              Charter Number

**The undersigned is doing business under the following name, and at the following address:**

Business name to be registered:   Habif Health and Wellness Center

Business address:   One Brookings Drive, Campus Box 1201
                    *(PO Box may only be used in addition to a physical street address)*

City, State and Zip Code:   St. Louis MO 63130

**Owner Information:**

If a business entity is an owner, indicate business name and percentage owned. If all parties are jointly and severally liable, percentage of ownership need not be listed. Please attach a separate page for more than three owners. The parties having an interest in the business, and the percentage they own are:

| Name of Owners, Individual or Business Entity | Charter # Required If Business Entity | Street and Number, City and State, Zip Code | If listed, Percentage of ownership must equal 100% |
| --- | --- | --- | --- |
| THE WASHINGTON UNIVERSITY | B00014480 | One Brookings Drive  St. Louis, MO 63130 | |

**All owners must affirm by signing below**

In Affirmation thereof, the facts stated above are true and correct:

(The undersigned understands that false statements made in this filing are subject to the penalties of a false declaration under Section 575.060 RSMo)

| *Electronically Signed By:* | Alan I Glass | Alan I Glass | 06/05/2014 |
| --- | --- | --- | --- |
| | *Authorized Signature* | *Printed Name* | *Date* |

| Name and address to return filed document: |
| --- |
| Name: _____ |
| Address _____ |
| City, State, and Zip Code: _____ |

Corp. 56 (11/2008)

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

GEORGE WHARAM

        Plaintiff,

v.

WASHINGTON UNIVERSITY IN ST.
LOUIS, HABIF HEALTH & WELLNESS
CENTER, LISA R. ROSS, M.D., KAREN
BOESCH, M.D., and MICHELE MARCUS,
FNP, ABC CORPS 1-25 and JOHN DOES 1-
25,

        Defendants.

Cause No.

## DECLARATION OF LISA ROSS, M.D.

Lisa Ross, M.D., being of lawful age, states as follows:

1.      I am over twenty-one years of age and competent in all respects to make the statements in this declaration.

2.      At all relevant times to this action I was an employee of Washington University.

3.      I was employed at all relevant times by Washington University as a physician at the student health services center known as the Habif Health & Wellness Center on the University campus in St. Louis, Missouri.

4.      I am a resident of the State of Missouri.

5.      I am employed in the State of Missouri.

6.      My car is registered in the State of Missouri.

7.      I have never resided in the State of New Jersey.

8.      I currently do not own, nor have I ever owned any real property in the State of New Jersey.

9.      I have never paid any income or property taxes to the State of New Jersey.

10.     Prior to being named as a defendant in this action, I have never been a party to any lawsuit pending in state or federal court in New Jersey.

11.     I did not travel to New Jersey for any activities on behalf of the University during my employment, let alone any that related to this case.

12.     It would be extremely burdensome for me to have to defend this action in New Jersey since I live and work in Missouri.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Lisa Ross, M.D.

Executed on the _13_ day of _____April_____, 2015.

3

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

GEORGE WHARAM

        Plaintiff,                  Cause No.

v.

WASHINGTON UNIVERSITY IN ST.
LOUIS, HABIF HEALTH & WELLNESS
CENTER, LISA R. ROSS, M.D., KAREN
BOESCH, M.D., and MICHELE MARCUS,
FNP, ABC CORPS 1-25 and JOHN DOES 1-
25,

        Defendants.

## DECLARATION OF KAREN BOESCH, M.D.

Karen Boesch, M.D., being of lawful age, states as follows:

1.      I am over twenty-one years of age and competent in all respects to make the statements in this declaration.

2.      At all relevant times to this action I was an employee of Washington University.

3.      I was employed at all relevant times by Washington University as a physician at the student health services center known as the Habif Health & Wellness Center on the University campus in St. Louis, Missouri.

4.      I am a resident of the State of Missouri.

5.      I am employed in the State of Missouri.

6.      My car is registered in the State of Missouri.

7.      I have never resided in the State of New Jersey.

8.      I currently do not own, nor have I ever owned any real property in the State of New Jersey.

9.      I have never paid any income or property taxes to the State of New Jersey.

10.     Prior to being named as a defendant in this action, I have never been a party to any lawsuit pending in state or federal court in New Jersey.

11.     I did not travel to New Jersey for any activities on behalf of the University during my employment, let alone any that related to this case.

12.     It would be extremely burdensome for me to have to defend this action in New Jersey since I live and work in Missouri.

2

I declare under penalty of perjury that the foregoing is true and correct.

_____ Karen R. Boesch MD

Karen Boesch, M.D.

Executed on the 13 day of APRIL , 2015.

3

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

GEORGE WHARAM

        Plaintiff,

v.

WASHINGTON UNIVERSITY IN ST.
LOUIS, HABIF HEALTH & WELLNESS
CENTER, LISA R. ROSS, M.D., KAREN
BOESCH, M.D., and MICHELE MARCUS,
FNP, ABC CORPS 1-25 and JOHN DOES
1-25,

        Defendants.

Cause No.

## DECLARATION OF MICHELE MARCUS, FNP

Michele Marcus, Family Nurse Practitioner, being of lawful age, states as follows:

1.    I am over twenty-one years of age and competent in all respects to make the statements in this declaration.

2.    At all relevant times to this action I was an employee of Washington University.

3.    I was employed at all relevant times by Washington University as a family nurse practitioner at the student health services center known as the Habif Health & Wellness Center on the University campus in St. Louis, Missouri.

4.    I am a resident of the State of Missouri.

5.    I am employed in the State of Missouri.

6.    My car is registered in the State of Missouri.

7.  I have never resided in the State of New Jersey.

8.  I currently do not own, nor have I ever owned any real property in the State of
New Jersey.

9.  I have never paid any income or property taxes to the State of New Jersey.

10.  Prior to being named as a defendant in this action, I have never been a party to
any lawsuit pending in state or federal court in New Jersey.

11.  I did not travel to New Jersey for any activities on behalf of the University during
my employment, let alone any that related to this case.

12.  It would be extremely burdensome for me to have to defend this action in New
Jersey since I live and work in Missouri.

2

08 05 28 a.m. 04-14-2015    3    3149964570

Apr. 14. 2015  8:33AM   WCMA                          No. 1436   P. 3

I declare under penalty of perjury that the foregoing is true and correct.

*Michele C Marcus FNP-BC*

Michele Marcus, ~~MSN~~.

*Nurse Practitioner*

Executed on the _14th_ day of __April__, 2015.